UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOUGLAS E. DAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1781 CEJ |
| | ) |
| RICHARD LISENBEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc–1. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $10.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will partially dismiss the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

At all times relevant to the complaint, plaintiff was detained at the Phelps County jail. Plaintiff brings this action against Richard Lisenbee, the sheriff of Phelps County, and Matt Shults, a lieutenant at the Phelps County jail. In December 2016, after the filing of the complaint, plaintiff was transferred to the Fulton Reception and Diagnostic Center.

Plaintiff alleges that the jail was very overcrowded. He complains that the defendants did not provide any opportunity for the free exercise of religion, that inmates were not allowed to go outdoors, that there were not enough toilets, that some inmates had to sleep on the floor, and that defendants continued to add inmates after complaints were made about the conditions. Plaintiff claims that the defendants violated his rights under the First, Eighth and Fourteenth Amendments and under RLUIPA. Plaintiff sues defendants in their individual and official capacities.

## Discussion

Plaintiff's claims for injunctive and declaratory relief are moot because he is no longer detained in the jail. *See Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir.2009). As a result, these claims will be dismissed.

The RLUIPA does not authorize individual-capacity claims against prison officials. *See Nelson v. Miller*, 570 F.3d 868, 888-89 (7th Cir. 2009) (citing cases). While RLUIPA allows official-capacity claims against prison officials, it does not authorize monetary damages based on

2

those claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). Therefore, plaintiff does not have a cause of action under RLUIPA.

The constitutional claims asserted against the defendants in their official capacities also fail. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, plaintiff's official-capacity claims will be dismissed.

The plaintiff's individual-capacity constitutional claims for monetary relief are not frivolous and will not be dismissed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $10.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner

**IT IS FURTHER ORDERED** the Clerk is directed to serve process on defendants.

Dated this 24th day of January, 2017.

                                                */s/ Carol E. Jackson*
                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE

---

will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).